Law Offices of Michael Lupolover
120 Sylvan Avenue, Suite 300
Englewood Cliffs, NJ 07632
(T) 201-461-0059
(F) 201-608-7116
(E) matthew@lupoloverlaw.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARTY ALEXANDER,  Plaintiff,  vs.  ELEMENT GLOBAL SERVICES  Defendant | Case No.:  CIVIL COMPLAINT  JURY DEMAND |

Plaintiff, Marty Alexander, on behalf of himself (hereinafter "Plaintiff"), by and through his undersigned attorney, alleges against the Defendant, Element Global Services (hereinafter "Defendant") as follows:

## PRELIMINARY STATEMENT

1.  This is an action for damages arising from Defendants' violations of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURSIDICTION AND VENUE

2.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. §1692k (d).

3.  Venue is proper in this district under 28 U.S.C § 1391(b).

1

## PARTIES

4. Plaintiff is a natural person, who at all relevant times has resided in the City of Bristol, Washington County, Virginia, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant is a corporation in the business of collecting consumer debts in the State of New York, with its corporate address as 1902 Ridge Road, West Seneca, New York, 14224 and is a "debt collector" as defined by 15 U.S.C § 1692a(6).

## FACTUAL STATEMENT

6. Defendant acquired an alleged debt owed by Plaintiff to Vnu Retail Group Catalogue Internet Retailer at a point in time better known to Defendant.

7. The alleged debt is one that arose out of a transaction for personal purposes.

8. On November 28, 2014, Plaintiff received two incoming calls from Defendant, the first at 11:59 am and the second at 2:41 pm.

9. Plaintiff subsequently received calls from Defendant on December 2, 2014 at 1:35 pm and December 5, 2014 at 11:31 am.

10. During the month of December 2014, Plaintiff received an undated letter from Defendant.

11. This letter was the first written communication that Plaintiff received from Defendant.

12. Defendant's letter stated that the current balance on the Vnu Retail Group Catalogue Internet Retailer was $669.78.

13. In the letter, Defendant offered Plaintiff a settlement amount on the balance.

14. Defendant's letter stated the settlement amount was $400.00 to be paid in eight $50.00 monthly payments and the payment arrangement would be "NULL and VOID" if not paid accordingly.

15. At the very bottom of the letter in smaller font, it stated "The payment(s) listed above do not include the $5.95 processing fee charged per transaction.  Please be sure you have the correct available amount for payment."

16. The processing fee is not authorized by Virginia law or by the underlying agreement creating the debt.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICES ACT
## 15 U.S.C. § 1692(f)(1)

17. Plaintiff repeats the allegations contained in paragraphs 1 through 16 and incorporates them as if set forth at length herein.

18. Defendant is trying to collect an alleged debt Plaintiff owed to Vnu Retail Group Catalogue Internet Retailer.

19. Defendant seeks to collect a $5.95 processing fee per transaction for each payment Plaintiff made to Defendant.

20. These charges were not authorized by any agreement Plaintiff entered into with Vnu Retail Group Catalogue Internet Retailer and are not authorized under Virginia law.

21. Therefore, Defendant's attempt to collect these charges violate 15 U.S.C. 1692f(1) which prohibits the collection of any amount including any interest, fee, charge, or expense

incidental to the principal obligation unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

## COUNT II
## VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICES ACT
## 15 U.S.C. § 1692(g)

22. Plaintiff received four telephone calls from Defendant regarding the alleged debt, the first of which occurred on November 28, 2014.

23. Plaintiff did not receive any written communication from Defendant regarding the alleged debt until the undated letter Plaintiff received in December 2014.

24. The letter sent by Defendant failed to advise Plaintiff that he had thirty days to dispute the debt in writing in order to obtain verification of the debt.

25. Defendant's letter failed to send Plaintiff written notice containing the required notices pursuant to 15 U.S.C. § 1692(g)(a)(3), 15 U.S.C. § 1692(g)(a)(4), 15 U.S.C. § 1692(g)(a)(5), and 15 U.S.C. § 1692(g)(b).

## COUNT III
## VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICES ACT
## 15 U.S.C. § 1692(e)(10)

26. Plaintiff repeats the allegations contained in paragraphs 1 through 25 and incorporates them as if set forth at length herein.

27. Defendant offered Plaintiff a settlement on his account of eight $50.00 monthly payments and stated that the payment arrangement is null and void if not paid accordingly.

28. However, at the bottom of the letter in smaller front, Defendant states that a $5.95 processing fee per transaction for each payment is required that Plaintiff makes towards the debt and to have the correct available amount for payment.

29. Defendant's actions are a violation of 15 U.S.C. § 1692e(10) which prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

## JURY TRIAL DEMAND

30. Plaintiff hereby requests trial by jury.

WHEREFORE, Plaintiff, Marty Alexander, respectfully requests that this Court enter judgment against the Defendant, and on behalf of the Plaintiff, for the following:

   a. That an order be entered declaring the Defendant's actions, as described above, in violation of the FDCPA;

   b. That judgment be entered against the Defendant for actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

   c. That judgment be entered against the Defendant for statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B), in the amount of $1,000.00;

   d. That the court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k (a)(3):

   e. That the Court grant such other and further relief as may be just and proper.

Dated this 4th day of May 2015,

Respectfully Submitted,

s/ Matthew T. Sheffield_____
Matthew T. Sheffield Esq.
Law Offices of Michael Lupolover
120 Sylvan Avenue, Suite 300
Englewood Cliffs, NJ 07632
(T) 201-461-0059
(F) 201-608-7116
(E) matthew@lupoloverlaw.com
